UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MIECO LLC,                                    §
                                              §
        Plaintiff,                            §
                                              §
v.                                            §        CIVIL ACTION NO. 3:21-CV-1781-B
                                              §
PIONEER NATURAL RESOURCES                     §
USA, INC.,                                    §
                                              §
        Defendant.                            §

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff MIECO, LLC's Motion for Reconsideration (Doc. 129). MIECO asks the Court to reconsider its Memorandum Opinion and Order (Doc. 128) granting Defendant Pioneer Natural Resources USA, Inc. ("Pioneer")'s motion for summary judgment in part. In the Motion, MIECO rehashes its summary judgment arguments and makes arguments that could have been presented earlier. For this reason, the Court **DENIES** MIECO's Motion.

I.

BACKGROUND

The factual background of this case is presented in detail in the Court's Memorandum Opinion and Order on summary judgment. *See* Doc. 128, Mem. Op. & Order, 1–5. In this case, the key question is whether Winter Storm Uri constitutes a force majeure event under the parties' contract and thus excused Pioneer's obligation to deliver MIECO natural gas.

MIECO sued Pioneer, alleging Pioneer breached the parties' contract by failing to deliver the agreed amount of natural gas each day from February 14 to February 19, 2021. Doc. 4, Am. Compl., ¶ 33. Pioneer asserted its non-delivery was due to Winter Storm Uri and was therefore excused by

the contract's force majeure provision. Doc. 11, Answer, 12. Pioneer also asserted a counterclaim against MIECO for $2,388 in damages, alleging MIECO breached the contract by failing to pay the full amount of an invoice. *Id.* at 14–17.

The parties filed cross-motions for summary judgment (Docs. 54 & 56), each seeking summary judgment on both MIECO's claim and Pioneer's counterclaim. The Court granted summary judgment to Pioneer on MIECO's breach of contract claim, holding Pioneer's non-delivery was excused by the contract's force majeure provision. *See* Doc. 128, Mem. Op. & Order, 19. The Court denied both parties' motions for summary judgment as to the counterclaim. *Id.*

The next day, Pioneer sent MIECO a proposed stipulation of dismissal of Pioneer's counterclaim. *See* Doc. 131, Mot. Dismiss, 3. MIECO did not respond to the stipulation or Pioneer's multiple follow-up inquiries. *Id.* Four days later, MIECO filed its Motion for Reconsideration. Doc. 129, Mot. Reconsider. After filing its Motion, MIECO responded to Pioneer. MIECO "agree[d] that it ma[de] no sense to proceed to trial on a $2300 claim" but proposed staying the counterclaim until the Court ruled on MIECO's Motion. Doc. 131, Mot. Dismiss, 3. At that point, MIECO said, the parties could present the stipulation of dismissal. *Id.* Later that day, Pioneer filed a voluntary motion to dismiss its counterclaim. *See* Doc. 131, Mot. Dismiss. The next day, the Court granted the motion to dismiss and stayed all deadlines not related to the Motion for Reconsideration. Doc. 133, Order. The Court considers the Motion below.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "Rather, courts

treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider." *Mehar Holdings, LLC v. Evanston Ins. Co.*, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016). "Rule 59(e) applies only to final judgments," while "Rule 54(b) applies to interlocutory judgments." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). "The test for finality is whether the district court intended that its order be 'effective immediately.'" *Ueckert v. Guerra*, 38 F.4th 446, 450 (5th Cir. 2022).

The Rule 54(b) standard is "more flexible" than the Rule 59(e) standard. *McClendon*, 892 F.3d at 781. Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). "The district court's discretion in this respect is broad." *Brown v. Wichita Cnty.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (citing *Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993)).

Although the Rule 54(b) standard is more flexible than the Rule 59(e) standard, considerations similar to those under Rule 59(e) inform the Court's analysis. *See Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.). Thus, like Rule 59(e) motions, Rule 54(b) motions for reconsideration "have a narrow purpose" and "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos v. Grammar*, 2016 WL 5942225, at *2 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.). And the Court's broad discretion under Rule 54(b) "must be exercised

sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Turk v. Pershing LLC*, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (Godbey, J.).

## III.

## ANALYSIS

The parties seemingly agree that Rule 54(b) governs MIECO's Motion. *See* Doc. 130, Mot. Reconsider Br., 1; Doc. 134-1, Mot. Reconsider Resp. Br., 2–5. The Court agrees. The Court has not yet entered a final judgment in this case. Where no final judgment has been entered, a motion to reconsider is properly brought under Rule 54(b). *See, e.g.*, *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538 (E.D. Tex. 2007), *aff'd*, 274 Fed. Appx. 900 (Fed. Cir. 2008).

In exercising its broad discretion under Rule 54(b), considerations similar to those under Rule 59(e) inform the Court's analysis. *See Dos Santos*, 651 F. Supp. 2d at 553. This is especially true where, as here, the decision at issue "is tantamount to a decision on the merits." *Turk*, 2019 WL 13074701, at *2. Following summary judgment, the case was effectively over; the court's order left only the $2,388 counterclaim unresolved. *See* Doc. 128, Mem. Op. & Order, 19. Under these circumstances, MIECO's Motion is "not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *See Charalambopoulos*, 2016 WL 5942225, at *2. But this is precisely what the Motion does.

In most of its brief, MIECO simply urges the Court to reconsider its summary judgment order in light of arguments it already made at summary judgment. For example, MIECO again argues *Hess Corp. v. ENI Petroleum US, LLC*, 86 A.3d 723 (N.J. Super. Ct. App. Div. 2014); *Virginia Power Energy Marketing, Inc. v. Apache Corp.*, 297 S.W.3d 397 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); and *J.P. Morgan Ventures Energy Corp. v. Miami Wind I, LLC*, 2022 N.Y. Slip Op.

51308(U) (N.Y. Sup. Ct. 2022) support a different outcome. Doc. 130, Mot. Reconsider. Br., 2–4, 3 n.2. These arguments were already raised at summary judgment. *See, e.g.*, Doc. 78, Pl.'s Summ. J. Resp. Br., 9–15; Doc. 113, Notice Suppl. Auth. And the Court rejected them in its Memorandum Opinion and Order. *See* Doc. 128, Mem. Op. & Order, 14–16, 16 n.4. In addition, MIECO again argues Pioneer's reading of the force majeure provision conflicts with other contractual provisions or renders them superfluous. Doc. 130, Mot. Reconsider. Br., 4–11. These arguments too were raised and rejected at summary judgment. *See, e.g.*, Doc. 78, Pl.'s Summ. J. Resp. Br., 20–23; Doc. 128, Mem. Op. & Order, 10–16.

Finally, MIECO argues, for the first time, that Pioneer's non-performance on February 14 and 15, 2021, cannot be excused because Pioneer had not yet provided MIECO notice of force majeure. Doc. 130, Mot. Reconsider. Br., 12–13. It argues the Court's order failed to address the issue. *See id.* at 13. MIECO is correct that the Court did not explicitly address this argument at summary judgment. But the Court did not address the argument because MIECO did not raise it. This contractual argument could have been raised at summary judgment. The Court declines to consider it now.

As discussed above, MIECO's Motion simply rehashes MIECO's summary judgment arguments and presents theories of the case that could have been presented earlier. These arguments are an insufficient basis for reconsideration. *See Charalambopoulos*, 2016 WL 5942225, at *2. For these reasons, MIECO's Motion is **DENIED**.

SO ORDERED.

SIGNED: May 4, 2023.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE